IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERVIE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 1:21-cv-628-ECM |
| ) | (WO) |
| FAY SERVICING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Ervie Davis ("Davis") initiated this suit on August 30, 2021, by filing a complaint in the Circuit Court of Houston County, Alabama against Defendants Fay Servicing, LLC and Wilmington Savings Fund Society, FSB. (Doc. 1-1).[1] Davis alleges that the Defendants breached their contracts with her when they improperly applied her mortgage payments to her account, fraudulently induced her into signing a loan modification, and converted her mortgage payments without applying the payments to her mortgage. (*Id*. at 5-6).

The Defendants removed this case from state court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441. Davis is a citizen of the State of Alabama. The Defendants assert that Fay Servicing LLC is "a foreign limited liability company formed in the State of Delaware with its principal place of business in Chicago, Illinois," and that

---

[1] The Court refers to the document and page numbers generated by CM/ECF.

Wilmington is "a foreign corporation with its principal place of business in Delaware." (Doc. 1 at 2–4). Therefore, the Defendants assert, there is complete diversity.

In the complaint, Davis asserts that "[u]pon information and belief, the amount in controversy . . . does not exceed $74,999.00." (Doc. 1-1 at 1, para. 5). Notwithstanding Davis' limitation, the amount in controversy exceeds $75,000 because the original mortgage on the property was $94,997.61 and the current balance on the mortgage exceeds $75,000.00.[2]  (Doc. 1 at 4).

On October 21, 2021, the Plaintiff filed a motion to remand (doc. 10) which is opposed by the Defendants. (Doc. 15).  The motion to remand is fully briefed, under submission, and ready for resolution without oral argument.  Upon consideration of the motion, the Court concludes that the motion to remand is due to be DENIED.

## II. STANDARD OF REVIEW

In examining the issue of jurisdiction upon which the Defendants premise removal, the Court is mindful of the fact that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377).  Congress has empowered the federal courts to hear cases removed by the defendants from state to federal court if the plaintiff could

---

[2] The Defendants assert that the outstanding balance on the mortgage is "$76,27.61" which appears to be a scrivener's error but does suggest that the outstanding balance exceeds $75,000. (Doc. 1 at 5, para. 10).

2

have brought the claims in federal court originally.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To establish diversity jurisdiction, the removing party must not only demonstrate that the parties are completely diverse, but, when the amount in controversy is not evident from the face of the complaint, the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752–54 (11th Cir. 2010).

Furthermore, removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns*, 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").  Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand.

### III.  DISCUSSION

The Defendants removed this case on the basis of diversity jurisdiction.  The parties do not dispute that there is complete diversity between them—Davis is a citizen of Alabama, and the Defendants are considered citizens of Illinois and Delaware.  The complaint does not state an amount of damages.  Because the Plaintiff did not specify an amount of damages in her complaint, and because the Defendants removed this case within thirty (30) days of receipt of the complaint, the Defendants must establish by a

preponderance of the evidence that the amount in controversy is met at the time the case was removed to this court. *See Pretka*, 608 F.3d at 752.

The Plaintiff argues the jurisdictional amount is not met because her complaint limits her damages to less than $75,000.00 and she is requesting only temporary relief from foreclosure. (Doc. 10 at 2, 4). The Defendants argue that the amount in controversy is met because the value of the property exceeds $75,000. According to the Defendants, because the Plaintiff seeks injunctive relief to prevent the foreclosure of the property, and she sought and received a temporary restraining order in state court that prevents the foreclosure sale, the amount in controversy is determined by the value of the property which exceeds the jurisdictional amount. (Doc. 15 at 2–3).

> When a plaintiff seeks injunctive or declaratory relief the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218–20 (11th Cir. 1997). In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).

When Davis filed her complaint in state court, she simultaneously filed a motion for a temporary restraining order. (Doc. 1-2 at 105). In her motion, Davis asserted she was "contesting the validity of the debt/mortgage [the Defendants] claim to have against the property at 1113 (sic), Dothan, AL as well as bringing claims for breach of contract, fraud, and conversion." (*Id.*, para. 1). Davis further alleged that if the foreclosure sale went

4

forward, she "would be homeless." (*Id*., at 106, para. 6). The state court granted the temporary restraining order and stayed all foreclosure proceedings. (*Id*., at 148). Because Davis seeks to prevent the Defendants from foreclosing on her property, her ownership interest in the property is the value which is at stake in this litigation.

> Ownership, title and possession, thus, are not only the objects of this lawsuit, but similarly represent the value of the rights sought to be protected by an injunction enjoining the foreclosure. In monetary terms, these benefits, objects and rights are best measured by the value of the home itself.

*Mapp v. Deautsche Bank Nat.'l Trust Co.*, 2009 WL 3664118, *4 (M.D. Ala. 2009); *see also Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 927 (11th Cir. 2014);[3] *Davis v. Reverse Mortg. Solutions*, 2021 WL 6884909, *3 (M.D. Ala. 2021) ("the property is the true object of this litigation, and the value of the property is the appropriate measure for the amount in controversy in this action."); *Parmer v. Bank of Am., N.A.*, 2019 WL 2550518, *1 (M.D. Ala. 2019) ("when a plaintiff seeks an order extinguishing a mortgage, the amount in controversy is, for jurisdictional purposes, the value of the underlying property."). Because the Plaintiff seeks to enjoin the foreclosure of her house, the Court concludes that the proper measure of the amount in controversy is the value of the house.

Attached to the Plaintiff's complaint is the original loan document demonstrating that the amount of the mortgage on the property was $94,997.61. (Doc. 1-1 at 9). In 2015,

---

[3] While the Court recognizes that *Hosseinzadeh*, *supra*, is an unpublished opinion and not binding authority, the Court finds its analysis to be persuasive.

the Plaintiff represented to the United States Bankruptcy Court for the Middle District of Alabama that the amount of the debt on the property was $87,470.00 while the value of the property was $80,600.00. (*Id*. at 13). The Defendants presented evidence that the current value of the property is $78,900.00. (Doc. 15-1 at 2). Thus, the Court concludes that, at the time of removal to this Court, the Defendants, by a preponderance of the evidence, have established that the amount in controversy exceeds $75,000.00, and this Court has jurisdiction over this matter.

## IV.  CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 10) is DENIED.

DONE this 11th day of July, 2022.

       /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE