IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERVIE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL CASE NO. 1:21-cv-628-ECM |
| | ) (WO) |
| FAY SERVICING, LLC, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

The Plaintiff, Ervie Davis ("Davis") alleges that the Defendants breached their contract with her when they failed to properly apply her mortgage payments to her account, fraudulently induced her into signing a loan modification, and converted her mortgage payments without applying the payments to her mortgage. (Doc. 1-1at 5-7).

Now pending before the Court is a motion to dismiss, (doc. 4), filed by Defendants Fay Servicing, LLC ("Fay Servicing") and Wilmington Savings Fund Society, FSB ("Wilmington"). The motion to dismiss is fully briefed, under submission, and ready for resolution without oral argument. Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion to dismiss is due to be GRANTED in part and DENIED in part.

**I. JURISDICTION**

The Court exercises federal subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*., at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## III.  FACTS

The facts as alleged in the complaint are as follows:

Davis entered into a mortgage contract with Citifinancial Corporation on June 27, 2005, for her property located on Tate Drive in Dothan, Alabama.  Davis made her

mortgage payments until she filed a Chapter 13 bankruptcy petition in December 2015. As part of her confirmed bankruptcy plan, the parties agreed that Davis would make her future payments directly to Citifinancial beginning in August 2016.

In July 2017, Citifinancial assigned Davis' mortgage to Bayview Loan Servicing, LLC. On March 1, 2018, Davis agreed to a loan modification with Bayview wherein her monthly mortgage payment was $713.68. On November 15, 2018, Davis agreed to another loan modification which reduced her monthly mortgage payment to $563.78 for sixty months. In February 2019, Bayview Loan Servicing notified the bankruptcy court that, due to a change in the escrow amount, Davis' monthly mortgage payment was now $564.30.

In the fall of 2019, Bayview Loan Servicing assigned Davis' mortgage to MF Dispositions IVC, LLC, which in turn assigned her mortgage to Wilmington.

In October and November, 2019, Davis made mortgage payments to Fay Servicing that were returned to her.

In December 2019, Wilmington notified the bankruptcy court that Davis' monthly mortgage payment was now $517.96. Three months later, in February 2020, Fay Servicing filed an amended proof of claim on behalf of Wilmington in the bankruptcy court showing Davis' monthly mortgage was $517.96.

In January, February, and March 2020, Davis made payments to Wilmington in the amount of $517.96 which were not credited to her account. In April 2020, Wilmington notified the bankruptcy court that Davis' monthly mortgage payment was now $738.12. In

June 2020, Wilmington notified the bankruptcy court that Davis' monthly mortgage payment was now $800.31.

Between April and November, 2020, Davis made payments to Wilmington that were either not credited to her account or were returned to her.

In January 2021, Wilmington asserted that Davis had made no mortgage payments since October 1, 2019.

In August 2021, Davis received notice of the proposed foreclosure on her property and contacted Fay Servicing. At that time, Davis was informed that her monthly mortgage payment was only $546.00

The complaint alleges that Wilmington and Fay Servicing breached their contract with Davis by failing to accept her mortgage payments and by failing to abide by the terms of their contract with Davis. The complaint further alleges that Wilmington and Fay Servicing "induced [Davis] to sign this loan modification, knowing that it had vastly underestimated its escrow costs." (Doc. 1-1 at 6, para. 52). According to the complaint, the inducment constitutes fraud; she relied on "this representation to her detriment" and suffered damages as the result. (*Id*. at paras. 53–54). Finally, the complaint alleges that Wilmington and Fay Servicing converted her mortgage payments to their own use instead of applying her payments to her mortgage.

## IV. DISCUSSION

### A. Count I - Breach of Contract Claim

In their motion to dismiss the breach of contract claim, the Defendants assert that Davis failed to allege the existence of a valid contract, failed to allege she made timely

payments, and failed to allege she suffered damages. To establish a breach of contract claim under Alabama law, "a party must establish: (1) the existence of a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages." *Arrington v. Wells Fargo*, 842 F. App'x 307, 312 (11th Cir. 2020) (quoting *Harp Law, LLC v. LexisNexis*, 196 So. 3d 1219, 1224 (Ala. Civ. App. 2015)).[1] *See also*, *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 106 (Ala. 2002); *Southern Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995).

In the complaint, Davis alleges that she had a mortgage with Citifinancial that was assigned to Bayview Loan Servicing which in turn assigned the mortgage to Wilmington and Fay Servicing. Davis also alleges her performance under the contract in that she made payments that were accepted but not credited to her account or were returned to her. She asserts that the Defendants did not perform under the contract in that they did not credit her mortgage payments or accept them. And, Davis alleges that she has been damaged in that the Defendants have begun foreclosure proceedings against her property. Consequently, the Court concludes that the complaint contains sufficient factual details to support the breach of contract claim and the motion to dismiss is due to be DENIED as to this claim.

---

[1] While the Court recognizes that unpublished opinions are not binding, the Court finds the analyses contained in these cases to be persuasive.

### B. Count II - Fraud Claim

The Defendants next argue that the "Complaint is simply devoid of sufficient factual allegations to support a cause of action for fraud." (Doc. 5 at 3).

> When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead specific facts "as to time, place, and substance of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Clausen v. Lab Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). . . .
>
> Under Alabama law, the elements of fraud are: "1) a false representation 2) concerning a material existing fact, which was 3) relied upon by plaintiff 4) to [her] detriment." *McGowan v. Chrysler Corp.*, 631 So. 2d 842, 846 (Ala. 1993) (citation omitted).

*Wireman v. Park Nat'l Corp.*, 2021 WL 3045347, at *4 (11th Cir. 2021) (bracket added).

The Plaintiff alleges the following in support of her fraud claim.

> 51. Defendants Wilmington Savings Fund Society, FSB and Fay Servicing, LLC entered into a contract with Ervie Davis.
> 52. Defendants induced Plaintiff to sign this loan modification, knowing that it had vastly underestimated its escrow costs.
> 53. Plaintiff relied on this representation to her detriment.
> 54. As the result of said fraud, Plaintiff suffered damages.

(Doc. 1-1 at 6).

Although the complaint references a loan modification, Davis does not specify which loan modification she contends constitutes the false representation. Nor does she plead facts with sufficient specificity to meet the requirements of Fed. R. Civ. P. 9(b). In response to the Defendants' motion to dismiss, Davis asserts that she has "sufficiently

### B. Count II - Fraud Claim

The Defendants next argue that the "Complaint is simply devoid of sufficient factual allegations to support a cause of action for fraud." (Doc. 5 at 3).

> When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead specific facts "as to time, place, and substance of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Clausen v. Lab Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). . . .
>
> Under Alabama law, the elements of fraud are: "1) a false representation 2) concerning a material existing fact, which was 3) relied upon by plaintiff 4) to [her] detriment." *McGowan v. Chrysler Corp.*, 631 So. 2d 842, 846 (Ala. 1993) (citation omitted).

*Wireman v. Park Nat'l Corp.*, 2021 WL 3045347, at *4 (11th Cir. 2021) (bracket added).

The Plaintiff alleges the following in support of her fraud claim.

> 51. Defendants Wilmington Savings Fund Society, FSB and Fay Servicing, LLC entered into a contract with Ervie Davis.
> 52. Defendants induced Plaintiff to sign this loan modification, knowing that it had vastly underestimated its escrow costs.
> 53. Plaintiff relied on this representation to her detriment.
> 54. As the result of said fraud, Plaintiff suffered damages.

(Doc. 1-1 at 6).

Although the complaint references a loan modification, Davis does not specify which loan modification she contends constitutes the false representation. Nor does she plead facts with sufficient specificity to meet the requirements of Fed. R. Civ. P. 9(b). In response to the Defendants' motion to dismiss, Davis asserts that she has "sufficiently

pleaded fraud" because she pleaded in paragraphs 17 and 18 of the complaint that her monthly payments changed as a result of a loan modification. (Doc. 18 at 5–6). Davis also relies on the Notice of Mortgage Payment Change, attached to her complaint as Exhibit K, to assert that she has met the requisite pleading standard for a fraud claim. (Doc. 1-2 at 50–54).

The allegations in the complaint on which Davis relies do not indicate that her mortgage payments changed as as a result of a loan modification. Moreover, the complaint alleges that Davis entered into two loan modifications with Bayview Loan Servicing. Finally, Davis fails to allege or show that the Notice of Mortgage Payment on which Davis relies, Exhibit K, was a fraudulent loan modification document.

In reviewing the complaint, this Court must disregard conclusory allegations, such "Defendants induced Plaintiff," and "Plaintiff relied on this representation," and consider only the properly pleaded facts. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). Beyond the Plaintiff's conclusory assertion that that the Defendants induced her to sign a loan modification, there are no factual allegations in the complaint which show to what loan modification the Plaintiff is referring or how the Defendants fraudulently induced her to agree to the modification. Because Davis has not alleged sufficient facts to establish how the Defendants fraudulently induced her to sign a loan modification, the Court concludes that she has failed to state a fraud claim under these circumstances. Furthermore, the Court concludes that Davis has failed to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Defendants' motion to dismiss the fraud claim is due to be granted.

### C. Count III - Conversion Claim

The Plaintiff's third cause of action is a claim for conversion. According to the complaint, Davis "paid money to the Defendants that was not credited to her account," and the "Defendants converted Plaintiff's property for their own use with no benefit to her." (Doc. 1-1 at 7, paras. 56 and 57). Relying on *Ellis v. City of Boaz*, 2017 WL 897597 (N.D. Ala. 2017), the Defendants assert in their motion to dismiss that Davis has not identified "what property was converted, how it was converted, how Defendants alleged (sic) used the property, and what basis she has for believing Defendants' actions were without benefit to [her]." (Doc. 5 at 5).

> The elements of the tort of conversion have been long established, and these elements are relatively simple in their application to any given set of circumstances. To sustain a claim of conversion, there must be (1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another's property; or (4) a wrongful detention or interference with another's property. *Gray v. Liberty Nat'l Life Ins. Co.,* 623 So.2d 1156 (Ala.1993); *Driver v. Hice,* 618 So.2d 129 (Ala.1993); *Gillis v. Benefit Trust Life Ins. Co.,* 601 So.2d 951 (Ala.1992).

*Drennen Land & Timber Co. v. Privett*, 643 So. 2d 1347, 1349 (Ala. 1994).

While it is not at all clear from the complaint how much money Davis alleges the Defendants converted to their own use, the complaint sufficiently alleges that Davis made mortgage payments to the Defendants that were not credited to her account. Davis alleges that the Defendants failed to properly apply her payments to her mortgage and thus, improperly withheld or interfered with her funds.

The Defendants argue that the Plaintiff has failed to allege a conversion claim because she has not pleaded any facts that "she was making full and timely payments as required by the terms of the mortgage in order for the payments to be applied." (Doc. 19 at 3). The Defendants do not cite the Court to any authority, nor has the Court found any, that supports the proposition that the Plaintiff must allege that "she was making full and timely payments as required by the terms of the mortgage" to state a claim for conversion. Accordingly, the Court concludes, at this juncture, that the complaint contains sufficient factual details to support a conversion claim under Alabama law and that the motion to dismiss is due to be DENIED as to this claim.

## V. CONCLUSION

For the reasons as stated and for good cause, it is

ORDERED that the Defendants' motion to dismiss (doc. 4) is DENIED as to Counts I and III of the complaint and GRANTED as to Count II of the complaint.

DONE this 15th day of August, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE